24 F.3d 248
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re RINCON EAST, INC., a Colorado corporation authorized
to do business in Arizona, Debtor.
McDONALD'S CORPORATION; Citibank, Creditors-Appellees,
v.
RINCON EAST, INC., a Colorado corporation authorized to do
business in Arizona, Debtor-Appellant.
 No. 92-16605.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 14, 1994.
Decided April 15, 1994.
 
 Before: POOLE, CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rincon East, Chapter 11 debtor, appeals the district court's order denying Rincon's motion to assume a McDonald's franchise located at 7202 East 22nd Street in Tucson, Arizona. The district court found that Rincon could not assume the franchise because the franchise agreement had been terminated before the filing of Rincon's bankruptcy petition. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court's conclusions of law are reviewed de novo and its findings of fact are reviewed for clear error. In re Herbert, 806 F.2d 889, 891 (9th Cir.1986). Determinations regarding the executory nature of a contract are conclusions of law that this court reviews de novo. In re Aslan, 909 F.2d 367, 369 (9th Cir.1990).
 
 
 4
 Under Sec. 365(a) of the Bankruptcy Code, the trustee may assume "any executory contract or unexpired lease of the debtor." 11 U.S.C. Sec. 365(a). "[A]n executory contract in the bankruptcy context exists where the obligations of the parties 'are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.' " Herbert, 806 F.2d at 893 (quoting In re Pacific Express, Inc., 780 F.2d 1482, 1487 (9th Cir.1986)). A franchise agreement that has been validly terminated pre-petition is not an assumable executory contract. In re Sigel & Co., 923 F.2d 142, 145 (9th Cir.1991); Moody v. Amoco Oil Co., 734 F.2d 1200, 1212 (7th Cir.), cert. denied, 469 U.S. 982 (1984).
 
 
 5
 The district court held that Rincon could not assume the 22nd Street franchise because it had been validly terminated before the filing of Rincon's bankruptcy petition on March 9, 1992. Both parties assert that Judge Roll reached this conclusion because he felt bound by Judge Marquez's earlier order in a civil action brought by McDonald's against Rincon, which confirmed the termination of the 22nd Street franchise as of April 30, 1990.[1] Rincon argues that reliance on the prior order was improper because Judge Marquez did not determine whether Rincon had any valid defenses to termination, such as McDonald's alleged breach of the implied duty of good faith and fair dealing. It claims that Judge Roll had a duty to independently investigate the circumstances surrounding the termination. McDonald's responds that Rincon should not be permitted to circumvent Judge Marquez's order by relitigating the termination of the franchise in bankruptcy.
 
 
 6
 We do not agree with either party that the decision in this case rested on the preclusive effect of Judge Marquez's order. Judge Roll's opinion contains no explicit language to that effect. There is only a statement that "[the] conclusion [that the franchises were terminated on April 30, 1992] has been reached many times, by many different courts." We do not view this one vague statement as a determination by Judge Roll that he was bound by Judge Marquez's order. Before concluding that the franchises were not assumable, Judge Roll made a number of independent findings. In particular, he found that "[b]ased on the uncontroverted evidence in this case, there was sufficient cause for termination of the Rincon East franchises." Although Judge Roll relied in part on the findings of the Colorado bankruptcy court, this reliance was not improper because the Kruegers' breach of the franchise agreements was conclusively established in that proceeding. Judge Roll also found that under the unambiguous terms of the franchise agreements, McDonald's had a right to terminate. He concluded that the franchises were terminated as of April 30, 1990, the date of surrender provided for in the termination notice.
 
 
 7
 In short, Judge Roll's order stands on its own. The defenses that Rincon raised in the action before Judge Marquez were based on McDonald's alleged failure to treat Rincon in the same manner that it treated other breaching franchisees. Rincon made no such argument to Judge Roll in support of its motion to assume the 22nd Street franchise. Having made sufficient independent findings to support his conclusion that the franchises were validly terminated pre-petition, Judge Roll properly denied Rincon's motion to assume.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Judge Marquez's order itself rested on findings made by the Colorado bankruptcy court in connection with the personal bankruptcy proceeding of George and Joanne Krueger, Rincon's sole shareholders. Rincon challenges that order in a separate appeal